IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


LISA PENTLAND PARKS,
                         Plaintiff,

v.                                                          Civil Action No. 3:11cv541-JAG

BAC HOME LOAN SERVICING, LP,

and

PROFESSIONAL FORECLOSURE
CORPORATION OF VIRGINIA,
                         Defendants.

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on the motions to dismiss (Dk. Nos. 3 and 6) filed by the

defendants, BAC Home Loan Servicing, LP ("BAC") and Professional Foreclosure Corporation

of Virginia ("PFC").  The plaintiff, Lisa Parks, seeks damages and an injunction against the

foreclosure sale of her home on three bases: a violation of the Home Affordable Modification

Program ("HAMP")[1], breach of contract, and breach of implied duty of good faith and fair

dealing.  The defendants have moved to dismiss on the grounds that Parks has no private right to

assert a claim under HAMP, and that no enforceable contract exists.  The plaintiff has failed to

respond to the motions to dismiss.[2]  The Court will dispense with oral argument because the facts

---

[1] HAMP is a program created by the U.S. Department of the Treasury in 2009 to address the
growing number of foreclosures in the United States.  HAMP aims to prevent avoidable home
foreclosures by encouraging loan servicers to reduce the required monthly mortgage payments
for struggling homeowners.  For a more detailed description and history of the program, see
*Rathore v. Bank of America, N.A.*, No. 3:11-cv-136, 2011 U.S. Dist. LEXIS 55619 (E.D. Va.
May 24, 2011).
[2] This failure to respond is one reflection of a disturbing trend.  Plaintiff's counsel in this case
has filed a number of similar suits in this Court.  Typically, the defendant(s) have moved to

and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process.

For the reasons stated herein, the Court grants the motions to dismiss.

## I. Legal Standard

In considering a Rule 26(b)(6) motion to dismiss, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis*

---

dismiss the cases, and in at least 16, plaintiff's counsel has simply failed to respond to the motion(s) to dismiss. *See Winn v. Chase Mortgage Services*, No. 2:11-cv-99, 2010 U.S. Dist. LEXIS 143041 (E.D. Va. Oct. 29, 2010); *Horan v. J.P. Morgan Chase Bank, N.A.*, No. 2:10-cv-551 (E.D. Va. filed Nov. 5, 2010); *Summers v. Ocwen Loan Servicing, L.L.C.*, No. 2:10-cv-565 (E.D. Va. filed Nov. 18, 2010); *Branch v. Ocwen Loan Servicing, L.L.C.*, No. 2:10-cv-597 (E.D. Va. filed Dec. 6, 2010); *Lipscomb v. PHH Mortgage Corp.*, No. 3:11-cv-206 (E.D. Va. filed Apr. 1, 2011); *Brown v. Wells Fargo Bank, N.A.*, No. 2:11-cv-309 (E.D. Va. filed June 1, 2011); *Haywood v. Flagstar Bank, F.S.B.*, No. 3:11-cv-400 (E.D. Va. filed June 22, 2011); *Crouch v. Bank of America, N.A.*, No. 2:11-cv-433 (E.D. Va. filed Aug. 4, 2011); *Kenny v. Bank of America, N.A.*, No. 4:11-cv-120 (E.D. Va. filed Aug. 4, 2011); *Ellis v. Wells Fargo Bank, N.A.*, No. 2:11-cv-151, 2011 U.S. Dist. LEXIS 86587 (E.D. Va. Aug. 5, 2011); *Mosley v. Wells Fargo Bank, N.A.*, No. 2:11-cv-268, 2011 U.S. Dist. LEXIS 86589 (E.D. Va. Aug. 5, 2011); *Wilson v. Wells Fargo Bank, N.A.*, No. 2:11-cv-241, 2011 U.S. Dist. LEXIS 86606 (E.D. Va. Aug. 5, 2011); *Jones v. Bank of America, N.A.*, No. 2:11-cv-443 (E.D. Va. filed Aug. 10, 2011); *Hinton v. Wells Fargo Bank, N.A.*, No. 2:11-cv-240, 2011 U.S. Dist. LEXIS 92560 (E.D. Va. Aug. 17, 2011); *McInnis v. BAC Home Loan Servicing, L.P.*, No. 2:11-cv-468 (E.D. Va. filed Aug. 18, 2011); *Correll v. Bank of America, N.A.*, No. 2:11-cv-477 (E.D. Va. filed Aug. 25, 2011).

By Order entered today, the Court has directed plaintiff's counsel to file an explanation for its failure to respond to the motions to dismiss.

*v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## II. Background

In October, 2005, the plaintiff, Lisa Pentland Parks ("Parks") used her property and home to secure a loan with BAC. (Complaint ¶¶ 1-2.) After losing her job in 2010, Parks contacted BAC to discuss potential options if she fell behind on her mortgage. (Compl. ¶¶ 5-7.) BAC mailed her a modification application package in accordance with HAMP, which the plaintiff completed and returned. (Compl. ¶¶ 9-10.) Thereafter, BAC informed Parks that her loan would be modified if she was eligible for HAMP. (Compl. ¶ 25.) Over the next five months, she delivered all required paperwork and fees. (Compl. ¶ 16.) In April, 2011, however, BAC informed Parks that her loan modification was denied because her income was too high. (Compl. ¶ 17.) Since July 22, 2011, the plaintiff's home has been in foreclosure and is in danger of being sold at auction. (Compl. ¶ 23.) Parks initiated the current action to prevent the foreclosure sale of her home and recover damages for fees associated with the foreclosure proceedings. PFC is BAC's foreclosure agent. (*See* Compl. ¶¶ 47-8.)

## III. Discussion

BAC argues that Parks cannot bring a claim under HAMP, or alternatively, that the loan modification application and subsequent correspondence do not constitute a contract. PFC contends that the plaintiff has failed to state a claim for relief because PFC has never been a party to any agreement with Parks. The Court agrees that Parks has not stated a claim upon which relief can be granted.

Plaintiffs have typically taken three routes to assert entitlement to a permanent HAMP modification: claiming a private right to sue under HAMP, claiming breach of contract as a third-party beneficiary to a contract between a lender and Fannie Mae (the entity which administers HAMP), and claiming breach of contract based on a loan modification application. *See Bourdelais v. J.P. Morgan Chase*, No. 3:10-cv-670, 2011 U.S. Dist. LEXIS 35507 at *9 (E.D. Va. Apr. 1, 2011). Courts have uniformly rejected these claims. As to the first theory, this Court has held that "[p]laintiffs do not have a private right of action to enforce applicable HAMP regulations." *Pennington v. PNC*, No. 2:10-cv-361, 2010 U.S. Dist. LEXIS 143157 at *11 (E.D. Va. August 11, 2010). This Court has also held that borrowers are merely incidental, not third-party, beneficiaries to HAMP contracts. *Id.* at *14. Furthermore, plaintiffs may only pursue a breach of contract claim based on the loan modification application if that cause of action is *independent* from HAMP. *Bourdelais*, 2011 U.S. Dist. LEXIS 35507 at *12 (emphasis added). In *Sherman v. Litton Loan Servicing*, this Court held that an application for a HAMP modification is not a contract, unless the borrower can show that the application is more than a "mere offer to consider the application." *See Sherman v. Litton Loan Servicing*, No. 2:10-cv-567, 2011 U.S. Dist. LEXIS 71756 at *26 (E.D. Va. July 5, 2011).

In this case, the plaintiff's legal theories either track the paradigmatic HAMP claims or dress them up in slightly different terms. Either way, the claims fail.

First, the plaintiff relies on some sort of federal tort arising from HAMP. Specifically, the plaintiff argues that BAC's failure to comply with HAMP requirements constitutes "negligence per se," entitling her to relief. (Compl. ¶ 43.) This claim is, in a different shade of clothing, nothing more than the rebuffed theory that HAMP creates a cause of action. Moreover, whatever losses the plaintiff has sustained arise as a consequence of her loan contract with BAC.

4

"[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Kaltman v. All Am. Pest Control, Inc.*, 281 Va. 483, 493 (2011).[3]   In short, Parks' negligence claim against BAC lacks any degree of plausibility.

Parks also asserts a breach of contract claim based on the loan modification application she sent to BAC.  The application is clearly not independent from HAMP, as the Complaint states the defendant only agreed to modify the loan if "Plaintiff was found eligible for the HAMP program." (Compl. ¶ 26.); *see Bourdelais*, 2011 U.S. Dist. LEXIS 35507 at *13.  Parks cannot pursue a HAMP claim because she does not have a private right of action and is not a third-party beneficiary to BAC's HAMP contract with Fannie Mae. *See Pennington*, 2010 U.S. Dist. LEXIS 143157 at *11.  As such, the plaintiff's breach of contract claim fails as a matter of law.

Assuming *arguendo*, that her breach of contract claim was independent from HAMP, it nevertheless fails because the conditional application was not a contract. *See Sherman*, 2011 U.S. Dist. LEXIS 71756 at *26.  As in *Sherman*, BAC's offer was merely to consider the plaintiff's application for a loan modification, not a definite offer to modify the plaintiff's mortgage. *Id.* at *24.  Since no contract was created, breach was impossible as a matter of law. The Court, therefore, must dismiss the plaintiff's breach of contract claim against BAC. *Id.* at *26. The Court will also dismiss Park's implied duty of good faith and fair dealing claim as it is merely another attempt to recast the HAMP claim. *See Bourdelais*, 2011 U.S. Dist. LEXIS 35507 at *13.

As to PFC, the plaintiff's allegations are simply legal conclusions amounting to a claim that PFC violated the alleged agreement between BAC and Parks.  According to the Complaint,

---

[3] To the extent that the plaintiff seeks to assert some sort of negligence claim arising from state law, it fails for the same reason.

PFC "follow[ed] through with foreclosure proceedings without first receiving certification from the note-holder." (Compl. ¶¶ 47-48.)  No additional facts are given in support.  At no point does the Complaint state that PFC was part of the agreement between BAC and the plaintiff. Essentially, PFC's motion to dismiss must be granted because the Complaint fails to allege "sufficient factual matter, accepted as true, to 'state a claim plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1957 (2007)).  As such, the Court will dismiss the plaintiff's breach of contract claim against PFC.

## IV. Conclusion

For the reasons stated herein, the Court hereby GRANTS the defendants' motions to dismiss.  The case is dismissed.

An appropriate Order shall issue.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: October 31, 2011
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge